# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID VARGAS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CENTRAL FREIGHT LINES, INC., and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 3:16-cv-00507-L-JLB<br><br>**ORDER DENYING REVISED JOINT MOTION TO DISMISS CLAIMS UNDER THE PRIVATE ATTORNEYS GENERAL ACT OF 2004 ("PAGA")**<br><br>Complaint Filed: February 26, 2016 |

Pending before the Court in this putative class action is Revised Joint Motion to Dismiss Claims Under the Private Attorneys General Act of 2004 ("PAGA" and "Revised Joint Motion"). For the reasons which follow, the Revised Joint Motion is DENIED.

The operative Second Amended Class Action Complaint ("SAC") alleges several California Labor Code violations, including failure to provide meal periods, rest breaks, properly itemized wage statements, and wages upon termination. The complaint also includes an unfair competition claim under California Business and Professions Code Section 17200, and a claim for PAGA penalties.

Plaintiff asserts that the putative class action is filed pursuant to Federal Rule of Civil Procedure 23, and alleges on behalf of "hundreds of employees . . . in non-

exempt positions" that "[f]or at least four years prior to filing of this action through the present, Defendants consistently maintained and enforced . . . unlawful practices and policies" of requiring the class members to work without the meal and rest periods they were entitled to and without compensating them for the missed meal and rest periods as required by the California Labor Code. (SAC at 2, 7, 5-6.) Plaintiff asserted that "the amount of the aggregate claim of all Class Members is likely over the $5,000,000 threshold of the Class Action Fairness Act." (*Id*. at 3-4.) Defendant strenuously denies the allegations.

The parties propose to settle the PAGA claim for a total of $7,500, of which $1,875 would be distributed to the class members, and $5,625 would be distributed to the California Labor & Workforce Development Agency. They seek dismissal of the complaint in its entirety as follows: the sixth cause of action for PAGA violations would be dismissed with prejudice, and the remaining causes of action would be dismissed with prejudice as to the named Plaintiff only, and without prejudice as to the putative class. The parties also request the Court to incorporate by reference the terms of the Settlement Agreement and Release of PAGA Claims ("Agreement").

The release provisions of the Agreement do not necessarily support the parties' representation that, based on the dismissal without prejudice, the putative class members would remain free to assert their individual claims under California Labor Code. (*See* Revised Joint Motion at 1&4.) The Agreement defines Released Claims:

> any and all claims, whether known or unknown, to recover wages, damages, penalties, attorney fees, litigation costs, restitution, or equitable relief, which Plaintiff and/or *the PAGA Settlement Members had, or may claim to have, against Released Parties, arising out of the facts, circumstances, and primary rights of the PAGA claim in the Action*.

(Agreement ¶ I.L. (emphasis added).) The definition is ambiguous regarding the scope of the release. Although it clearly applies to the putative class members,[1] it is unclear whether it applies to their non-PAGA Labor Code claims arising out of the same facts and circumstances as the PAGA claim.

This ambiguity is not entirely resolved by the separate substantive release provision, which states:

> ... PAGA Settlement Members ... fully release and forever discharge the Released Parties from any and all Released Claims during the PAGA Period. As a result of this release, the PAGA Settlement Members will be unable to bring a claim under, or recover in any other claim brought under [PAGA] for any violations of the Released Claims that took place during the PAGA Period.

(Agreement ¶VI.A.)

The release provisions do not leave the putative class members with a clear path to asserting their non-PAGA claims. They give them a basis for an argument, which they may win or lose, that the parties did not intend to release the class members' non-PAGA claims.

The parties seek approval of the settlement pursuant to California Labor Code Section 2699.3(b)(4) "to ensure that the settlement provisions are at least as effective as the protections or remedies provided by state and federal law or regulation for the alleged violation." The release provisions preclude a finding that the settlement complies with section 2699.3(b)(4). The Revised Joint Motion is therefore DENIED.

---

[1] The term "PAGA Settlement Members" is defined as "all persons employed in California by Central Freight Lines, Inc. as Pick Up and Delivery Drivers during the PAGA Period. (Agreement ¶ I.H.; *cf.* Second Am. Compl. at 9 (describing putative class).)

The Revised Joint Motion is DENIED on the alternative ground that it does not comply with this Court's Standing Orders for Civil Cases relating to Settlement and Dismissal.

IT IS SO ORDERED.

Dated: June 12, 2017

_____
Hon. M. James Lorenz
United States District Judge