UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| David Vargas,<br><br>                           Plaintiff,<br><br>v.<br><br>Central Freight Lines, Inc.,<br><br>                          Defendant. | Case No.: 16-cv-00507-JLB<br><br>ORDER GRANTING IN PART AND DENYING IN PART SECOND REVISED JOINT MOTION TO DISMISS<br><br><br>[ECF No. 41] |

Before the Court is an unopposed joint motion titled "Second Revised Joint Motion to Dismiss Claims Under the Private Attorneys General Act of 2004 ('PAGA')," which was filed by the parties to this litigation, Plaintiff David Vargas and Defendant Central Freight Lines, Inc. ("CFL"). (ECF No. 41.)[1] The parties request a court order granting the following relief, that: (1) Plaintiff's individual claims for Causes of Action One through Five be dismissed with prejudice; (2) the putative class allegations for Causes of Action One through Five be dismissed without prejudice; (3) Plaintiff's Sixth Cause of Action for PAGA penalties be dismissed with prejudice; (4) the Settlement Agreement and Release of Private Attorneys General Act of 2004 Claims be approved (the "Settlement

---

[1] The Court generously construes the pending motion before the court to rely on arguments made both in the pending and prior motions for approval of settlement. (ECF Nos. 31, 33, 41.) Any further motion to approve the Settlement Agreement must be self-contained and include all of the facts and arguments upon which the parties rely.

1

Agreement," *see* ECF No. 41-3); and (5) the Court retain jurisdiction over all disputes between and among the parties arising out of the Settlement Agreement. (ECF Nos. 41 at 3-4; 41-3 at 11.) The Court finds the matter suitable for decision without oral argument pursuant to Civil Local Rule 7.1(d)(1) and, for the following reasons, GRANTS IN PART AND DENIES IN PART the Second Revised Joint Motion to Dismiss.

## BACKGROUND

Plaintiff initiated this case on February 26, 2016, in this district court. (ECF No. 1.) The operative complaint is titled "Second Amended Class Action Complaint" and alleges that Defendant employed Plaintiff and other pick-up and delivery drivers, but improperly failed to make statutory meal periods or rest breaks available or failed to pay an hour's pay in lieu thereof, failed to provide accurate, itemized wage statements, and as a result, improperly failed to pay all wages due consistent with California law. (*See* ECF No. 22.) Further, Plaintiff alleges that Defendants' written meal period policy is facially invalid as it marks only shifts of eight hours or more as eligible for meal periods. (*Id.*) Plaintiff's Sixth Cause of Action is for civil penalties pursuant to the Private Attorney General Act, California Labor Code § 2699, *et seq.* ("PAGA") on behalf of himself and the putative class of pick-up and delivery drivers. (*Id.*)

Although Plaintiff was pursuing this case as a class action when he filed the Second Amended Class Action Complaint, he did not file a motion for class certification by February 17, 2017, the deadline to do so. (*See* ECF No. 30.)[2] Then, on March 13, 2017, the parties filed a motion titled "Joint Motion to Dismiss Claims Under the Private Attorneys General Act of 2004." (ECF No. 31.) On April 10, 2017, the then-assigned District Judge M. James Lorenz denied that motion, concluding that the settlement

---

[2] The referenced Order is dated November 14, 2016 and appears to contain a typographical error with respect to the year, insofar as it extends the deadline to file any class certification to February 17, <u>2016</u> (nine months prior). (ECF No. 30.)

provisions did not meet the standard set forth in California Labor Code § 2699.3(b)(4). (ECF No. 32.)

On May 22, 2017, the parties filed a motion titled "Revised Joint Motion to Dismiss Claims Under the Private Attorneys General Act of 2004." (ECF No. 33.) On June 12, 2017, the then-assigned district judge denied that motion, concluding that the release provisions in the settlement agreement contained ambiguities regarding the scope of the released claims. (ECF No. 35 at 2-3.) The judge explained that, "[t]he release provisions of the Agreement do not necessarily support the parties' representation that, based on the dismissal without prejudice, the putative class members would remain free to assert their individual claims under California Labor Code." (*Id.*) The district judge also denied the motion on the alternative ground that "it does not comply with this Court's Standing Orders for Civil Cases relating to Settlement and Dismissal." (ECF No. 35 at 4.)

On July 23, 2017, the parties filed a motion titled "Second Revised Joint Motion to Dismiss Claims Under the Private Attorneys General Act of 2004." (ECF No. 41.) In support of the Second Revised Joint Motion to Dismiss, the parties contend that they have remedied all deficiencies identified in prior court orders denying prior motions to dismiss the claims brought in this case by Judge M. James Lorenz. (*Id.*) On July 27, 2017, the parties consented to have a United States magistrate judge conduct all proceedings in this case, and this case was reassigned to Magistrate Judge Jill L. Burkhardt in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (ECF No. 42.) The Second Revised Joint Motion to Dismiss is presently before the Court.

## LEGAL STANDARDS

The California Labor & Workforce Development Agency ("LWDA") "is assigned responsibility under California law for bringing actions to enforce the state's labor laws." *Porter v. Nabors Drilling USA, L.P.*, 854 F.3d 1057, 1060 (9th Cir. 2017). "In response to a concern that labor law enforcement agencies like LWDA 'were unlikely to keep pace with the future growth of the labor market,' the California legislature passed the Private Attorneys General Act of 2004 ('PAGA'), codified in sections 2698, *et seq.* of the Labor

Code." *Id.* (quoting *Arias v. Superior Court*, 46 Cal. 4th 969, 980 (2009)). PAGA "authorizes an employee to bring an action for civil penalties on behalf of the state against his or her employer for Labor Code violations committed against the employee and fellow employees, with most of the proceeds of that litigation going to the state." *Iskanian v. CLS Trans. Los Angeles, LLC*, 59 Cal. 4th 348, 360 (2014); *see also* Cal. Lab. Code § 2699(a).

However, to be eligible to file a claim under PAGA, an aggrieved employee must first exhaust the administrative procedures set forth in the California Labor Code, which includes submitting the allegations of Labor Code violations to both LWDA and the employer. Cal. Lab. Code § 2699.3(a)(1)(A). Thereafter, and if LWDA declines to intervene within a certain period, the aggrieved employee is eligible to "commence a civil action pursuant to Section 2699." *Id.* § 2699.3(a)(2)(A). Aggrieved employees who commence civil actions under PAGA do so "as the proxy or agent of the state's labor law enforcement agencies." *Arias*, 46 Cal. 4th at 986. Because the "plaintiff represents the same legal right and interest as state labor law enforcement agencies, . . . a judgment in an employee's action under [PAGA] binds not only that employee but also the state labor law enforcement agencies." *Id*. As a result, the judgment "binds all those, including nonparty aggrieved employees, who would be bound by a judgment in an action brought by the government." *Id*. But, "the nonparty employees, because they were not given notice of the action or afforded an opportunity to be heard, are not bound by the judgment as to remedies other than civil penalties" under PAGA. *Baumann v. Chase Inv. Servs. Corp.*, 747 F.3d 1117, 1123 (9th Cir. 2014).

"PAGA actions . . . primarily seek to vindicate the public interest in enforcement of California's labor law." *Id*. Both the California Supreme Court and the Ninth Circuit have concluded that "[a] PAGA representative action is . . . a type of *qui tam* action." *Iskanian v. CLS Transp. Los Angeles, LLC*, 59 Cal. 4th 348, 382 (2014); *see Sakkab v. Luxottica Retail N. Am., Inc.*, 803 F.3d 425, 429 (9th Cir. 2015); *Porter*, 854 F.3d at 1061. "A *qui tam* action for citizen enforcement traditionally has three elements: "(1) that the statute exacts a penalty; (2) that part of the penalty be paid to the informer; and (3) that, in some

way, the informer be authorized to bring suit to recover the penalty." *Porter*, 854 F.3d at 1061 (citations omitted).

Under PAGA, if the employer employs one or more employees, as is the case here, the civil penalty is $100 for each aggrieved employee per pay period for the "initial violation" and $200 for each aggrieved employee per pay period for each "subsequent violation." Cal. Lab. Code § 2699(f)(2). Seventy-five percent of the civil penalties are distributed to LWDA, and the remainder is distributed to the aggrieved employee(s) who initiated the claim. *Id*. § 2699(i). "The employee's recovery is thus an incentive to perform a service to the state, ***not*** restitution for wrongs done to members of the class." *Baumann*, 747 F.3d at 1123 (emphasis added). As explained by the Ninth Circuit, a "PAGA action is at heart a civil enforcement action filed on behalf of and for the benefit of the state, not a claim for class relief." *Id*. at 1124.

When PAGA claims are settled, the trial court must "review and approve" the settlement.³ Cal. Lab. Code § 2699(l). In so doing, the court must consider whether the proposed "PAGA settlement is fair and adequate in view of the purposes and policies of the statute." *O'Connor v. Uber Techs., Inc.*, 201 F. Supp. 3d 1110, 1135 (N.D. Cal. 2016). Those purposes and policies include "benefit[ting] the public by augmenting the state's enforcement capabilities, encouraging compliance with Labor Code provisions, and deterring noncompliance." *Id*. at 1132-33. However, "neither the California legislature, nor the California Supreme Court, nor the California Courts of Appeal, nor the California Labor & Workforce Development Agency ('LWDA') has provided any definitive answer"

---

³ For cases filed after July 1, 2016, aggrieved employees must submit to LWDA copies of their filed complaints, proposed settlement agreements, and court orders providing for or denying an award of civil penalties. Cal. Lab. Code § 2699(l)(1)-(3); *see also Porter v. Nabors Drilling USA, L.P.*, 854 F.3d 1057, 1061 (9th Cir. 2017). When this case was filed on February 26, 2016, Plaintiff did not plead any claims under PAGA. (ECF No. 1.) Plaintiff first asserted the PAGA claims in the First Amended Class Action Complaint filed on April 5, 2016. (ECF No. 5.) Nevertheless, here, Plaintiff's counsel submitted the revised Settlement Agreement at issue to LWDA on July 20, 2017. (ECF No. 41-2 at 2.) There is nothing in the record to suggest that LWDA intends to investigate or otherwise intervene in this lawsuit.

5

as to what the appropriate standard is for approval of a PAGA settlement. *Flores v. Starwood Hotels & Resorts Worldwide, Inc.*, No. 14cv01093, 2017 WL 2224265, at *1 (C.D. Cal. May 19, 2017).

With respect to putative class actions, in 1989, the Ninth Circuit held class notice may be required under Federal Rule of Civil Procedure 23(e) prior to voluntary dismissal of putative class claims even in cases where no class has been certified. *Diaz v. Trust Territory of Pac. Islands*, 876 F.2d 1401, 1408-11 (9th Cir. 1989). *Diaz* held that in deciding whether the putative class should receive notice of voluntary dismissal of putative class claims, courts:

> should inquire into possible prejudice from (1) class members' possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances, (2) lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations, (3) any settlement or concession of class interests made by the class representative or counsel in order to further their own interests.

*Diaz*, 876 F.2d at 1408.

Subsequent to Diaz, in 2003, Rule 23(e) was specifically amended to make clear that court approval was not required of "settlements with putative class representatives that resolved only individual claims." *See* Fed. R. Civ. P. 23 advisory committee's note to 2003 amendment. As a result, there remains "some uncertainty" about whether the *Diaz* holding applies in the wake of the 2003 amendments to Rule 23(e). *See, e.g., Gonzalez v. Fallanghina, LLC*, No. 16cv1832, 2017 WL 1374582, at *4 (N.D. Cal. Apr. 17, 2017) (citing *Lyons v. Bank of Am., NA*, No. 11cv1232, 2012 WL 5940846, at *1 & n.1 (N.D. Cal. Nov. 27, 2012)). District courts in the Ninth Circuit "continue to follow *Diaz* to evaluate a proposed settlement and dismissal of putative class claims." *Id.*; *Dunn v. Teachers Ins. & Annuity Ass'n of Am.*, No. 13-CV-05456-HSG, 2016 WL 153266, at *3 (N.D. Cal. Jan. 13, 2016) (explaining this approach "strikes the right balance between the full-bore fairness review for settlement of certified class claims, and doing nothing at all to ensure that putative class members are protected").

# DISCUSSION

## I. Dismissal of Plaintiff's Individual Claims

First, the parties request an order dismissing with prejudice Plaintiff's individual claims for Causes of Action One through Five of the operative complaint. (ECF Nos. 33 at 5; 33-2 at 2; 41 at 4.) In support, the parties represent that they settled Plaintiff's individual claims for a total of $5,000 in exchange for a general release of all claims. (ECF No. 33 at 3.) Accordingly, the Court GRANTS the parties' motion insofar as it requests that Plaintiff's individual claims for Causes of Action One through Five be dismissed with prejudice.

## II. Dismissal of Putative Class Allegations

Second, the parties request that the putative class allegations for Causes of Action One through Five be dismissed without prejudice. (ECF Nos. 33 at 5; 33-2 at 2; 41 at 4.) The parties agree that the dismissal of the putative class claims should be without prejudice and argue that the Court must review and approve their agreement under Federal Rule of Civil Procedure 23(e). (ECF No. 33 at 3-4.) The parties cite *Diaz v. Trust Territory of Pac. Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989) in support of this argument. (*Id.*)

Federal Rule of Civil Procedure 23(e) states "[t]he claims, issues or defenses of a ***certified*** class may be settled, voluntarily dismissed, or compromised only with the court's approval. Fed. R. Civ. P. 23(e) (emphasis added). As set forth above, Rule 23(e) was specifically amended in 2003 to make clear that court approval was not required of "settlements with putative class representatives that resolved only individual claims." *See id.* advisory committee's note to 2003 amendment. Thus, the Ninth Circuit's holding in *Diaz* that Rule 23(e) requires some limited court review of proposed settlements in ***pre***-certification putative class action suits pre-dates substantial amendments to Rule 23 in 2003.

Nevertheless, because district courts remain uncertain about whether the *Diaz* holding still applies in the wake of the 2003 amendments to Rule 23(e), district courts "continue to follow *Diaz* to evaluate the proposed settlement and dismissal of putative class

claims." *Dunn*, 2016 WL 153266, at *3. Thus, applying *Diaz*, this Court will conduct the following inquiry:

> the district court should inquire into possible prejudice from (1) class members' possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances, (2) lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations, (3) any settlement or concession of class interests made by the class representative or counsel in order to further their own interests.

*Diaz*, 876 F.2d at 1408.

In the present case, the Court concludes that the parties have satisfied the *Diaz* factors. Plaintiff is seeking to dismiss his class claims without prejudice, and thus, has not compromised the putative class's interests. In addition, the putative class members are unlikely to suffer any prejudice due to reliance on this class action. Plaintiff's counsel declares that there has been no publicity on this case. (ECF Nos. 33 at 2, 4; 33-1 at 3.) Further, Plaintiff's counsel represents that he has not been contacted by any putative class member about this case. (ECF No. 33 at 2.) Plaintiff's intent to dismiss his class claims without prejudice became publicly available information on March 13, 2017, with the filing of the first joint motion seeking to dismiss these claims. (ECF No. 31.) Thus, to the extent putative class members have been relying on this case to litigate their claims, they have had over six months to file either a motion to intervene or their own complaint against Defendant since March, 2017. (ECF Nos. 1; 31.)

Moreover, Plaintiff's Labor Code and Unfair Competition Law claims appear to be subject to three or four-year statutes of limitation, respectively.[4] These statutes of

---

[4] The parties' motions do not address this issue. *But see Murphy v. Kenneth Cole Prods., Inc.*, 40 Cal. 4th 1094, 1102-03, 1114, 1120 (2007) (citing Cal. Code Civ. Proc. § 338, subd. (a)) (holding that relief under section 226.7 is a wage and not a penalty, and therefore the three year statute of limitations applies); Cal. Code Civ. Proc. § 338(a) (three-year statute of limitation); Cal. Bus. & Prof. Code § 17208 (four-year statute of limitation for UCL claims).

8

limitation have been suspended as to all putative class members during the pendency of the class action allegations in this case. *Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 554 (1974) ("We are convinced that the rule most consistent with federal class action procedure must be that the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action."). Thus, the settlement need not be rejected for failure to provide notice to the putative class out of concerns that a rapidly approaching statute of limitations leaves putative class members without adequate time to file other actions.

Finally, the settlement in this case was the product of a full-day mediation before a retired judge. The Court is persuaded that the requested voluntary dismissal of the putative class action claims is not collusive.

Based on the foregoing, the Court concludes the risk of prejudice is too small to require class notice of the pre-certification voluntary dismissal.

Therefore, the Court GRANTS the parties' request for voluntary dismissal of Plaintiff's putative class action claims. The putative class allegations for Causes of Action One through Five of the operative complaint are dismissed without prejudice.

### III. Dismissal of Plaintiff's Sixth Cause of Action for PAGA Penalties and Approval of the Proposed PAGA Settlement

Third, the parties request that Plaintiff's Sixth Cause of Action for PAGA penalties be dismissed with prejudice and that the Court approve the Settlement Agreement, which is between Plaintiff, individually and in his capacity as a representative of the State of California on behalf of other aggrieved employees, and Defendant CFL. The Settlement Agreement[5] is a stand-alone agreement that covers only the PAGA claims alleged this action. As set forth in the Settlement Agreement, the parties agreed to resolve Plaintiff's

---

[5] The Settlement Agreement is filed on the docket at ECF No. 41-3.

representative PAGA claim for $7,500, with $5,625 (seventy-five percent) going to LWDA and $1,875 (twenty-five percent) going to Plaintiff. (ECF Nos. 33 at 3; 41-1 at 6; 41-3 at 6.) The parties contend that the amounts are "fair and reasonable" and that the settlement is the product of formal and informal discovery, extensive settlement negotiations, and a full-day mediation before the Honorable Herbert Hoffman (Ret.). (ECF Nos. 33 at 2; 33-1 at 2; 41-1 at 5, 6; 41-3 at 5, 6.) As part of the mediation process, Defendant CFL provided data to Plaintiff's counsel in the form of pay records, time records, Plaintiff's complete employee file, and other data that Plaintiff's counsel declares he could rely on to determine liability. (ECF No. 33-1 at 2.) Neither this data, nor any specific information about this data, is before the Court. In sum, the parties seek approval of their settlement based on their own representations that it "represents a reasonable compromise of highly contested and disputed claims," and "was the result of informed, non-collusive, arms-length negotiations." (ECF No. 33 at 3.)

Because the settlement in this case serves to release Defendant CFL from PAGA claims, this Court must "review and approve" the settlement. Cal. Lab. Code § 2699(l). This Court's approval of the settlement turns on whether Plaintiff has presented law and facts specific to this case sufficient to persuade this Court that the PAGA settlement is fair and adequate based on a determination that it augments the state's enforcement capabilities, encourages compliance with Labor Code provisions, and deters noncompliance with California's labor law. *See Baumann*, 747 F.3d at 1123; *O'Connor*, 201 F. Supp. 3d at 1132-33. Importantly, Federal Rule of Civil Procedure 23(e) does not inform this analysis because there is no class action settlement before the Court. *Flores*, No. 14cv01093, 2017 WL 2224265, at *1 (C.D. Cal. May 19, 2017) ("the 'fair, adequate, and reasonable' standard of Federal Rule of Civil Procedure 23(e) isn't particularly apt where, as here, there's no class action settlement in the mix").

Plaintiff has demonstrated that the PAGA settlement in this case augments the state's enforcement capabilities. On February 23, 2016, Plaintiff provided written notice of the PAGA claims he sought to pursue on behalf of the State in this action to LWDA. (ECF

Nos. 5 at 22; 5-1; 22 at 20; 22-1; 31 at 8; 31-1 at 7; 41-1 at 4-5; 41-3 at 4-5.) LWDA never notified Plaintiff that it intended to investigate the PAGA claims. (*See* ECF No. 41-1 at 5.) Accordingly, on April 5, 2016, and again on September 28, 2016, Plaintiff filed amended complaints that included a cause of action for statutory penalties under PAGA. (ECF No. 5.)

In February of 2017, the parties signed a settlement agreement with respect to the PAGA claims. And on March 13, 2017, the parties mailed a copy of the then-operative settlement agreement to LWDA. (ECF Nos. 31 at 2, 16; 33 at 3.) Then, pursuant to court order, the parties revised the settlement agreement and submitted the revised settlement agreement to LWDA via its online submission system on July 20, 2017. (ECF No. 41-2 at 2.) This is the Settlement Agreement presently before the Court. There is nothing in the record to date to suggest that LWDA intends to investigate or otherwise intervene in the settlement of the PAGA claims in this lawsuit. Given LWDA has done nothing to pursue the PAGA claims at issue despite having notice and 19 months to do so, the Court is persuaded that the PAGA settlement in this case augments the state's enforcement capabilities.

The Court is in the dark, however, as to whether the PAGA settlement in this case is fair and adequate in terms of encouraging compliance with Labor Code provisions and deterring employer practices that violate the rights of numerous employees under the Labor Code. Perhaps owing in part to the fact that there is no controlling standard of law on assessing whether PAGA settlements should be approved as fair and adequate, the parties essentially ask the Court to take their word for it that the settlement is fair and adequate. For example, Plaintiff's counsel declares the following:

> On January 12, 2017[,] I attended a full-day mediation. The Honorable Herbert Hoffman (Ret.), a retired California Superior Court judge served as the mediator. Additionally, the Hon. Ronald Prager (Ret.) also sat in to observe the mediation and offer insight. Defendant Central Freight Lines, Inc. ("CFL") provided data in the form of pay records, time records, my client's complete employee file, and other data that I could rely

11

> on to determine liability. At all times, however, the mediation remained adversarial. In light of several facts disclosed to me via the mediation privilege, it is my belief the settlement is reasonable.

(ECF No. 33-1 at 2.)[6]

That the parties reached a settlement only after the exchange of discovery, extensive settlement negotiations, and a full-day mediation presided over by a neutral party is persuasive evidence that the settlement is not the product of fraud or collusion. (*Id.*; *see also* ECF No. 33 at 2, 5.) It is not, however, persuasive evidence that the settlement vindicates the public interest in enforcement of California's labor law.

The parties argue that only a "handful" of PAGA claims are at issue, but this representation does not aid the Court in its analysis. (ECF No. 33 at 2, 5.) The parties do not quantify the number of aggrieved employees, the number of violations, or the number of pay periods at issue in this case. (*See id.*) Under PAGA, the civil penalty is $100 for each aggrieved employee per pay period for the "initial violation" and $200 for each aggrieved employee per pay period for each "subsequent violation." Cal. Lab. Code § 2699(f)(2). In the operative complaint, Plaintiff alleges that over $5,000,000 is at issue in this case and that there are "hundreds" of aggrieved employees in California who are or have been affected by Defendants' Labor Code violations.[7] (ECF No. 22 at 3-4, 7-9.) Crediting these substantial numbers, something must have changed to sway Plaintiff's counsel that $7,500 is a fair and adequate settlement despite his determination as of September 2016 that the value of this case exceeded $5,000,000. In the end, the Court is left to speculate how the public's interest is vindicated by a relatively insubstantial settlement amount of $7,500 for Plaintiff's PAGA claims.

---

[6] In the Settlement Agreement, the parties set forth factors, though not facts, they took into consideration in evaluating the reasonableness of the settlement amount. (ECF No. 41-3 at 5-6.)
[7] The Court presumes that as of September 28, 2016, the date Plaintiff filed the operative complaint, Plaintiff had evidentiary support for his allegations. *See* Fed. R. Civ. P. 11(b)(3).

12

The parties also argue that the Court should approve their PAGA settlement as fair and reasonable because "district courts routinely approve similar settlements of PAGA claims." (ECF No. 33 at 2, 5.)[8] That other courts have approved PAGA settlements for similar amounts is not a reason to conclude that $7,500 is a fair and adequate settlement amount for *this* case. Further, the cases cited are factually distinct as they all involve class action settlements. Here, the Court is tasked with approving a PAGA settlement in isolation, and not in combination with its analysis of a class action settlement. To proceed with the Settlement Agreement, Plaintiff will have to provide the Court with a factual basis to support his position that $7,500 is a fair and adequate settlement amount for the PAGA claims in this case.

Having reviewed the record for this case and existing case law, the Court is not able to conclude, with the information before it, that the parties' settlement, with respect to Plaintiff's PAGA claims only, is fair and adequate in view of the purposes and policies of PAGA. Thus, the Court DENIES the motion insofar as it requests Plaintiff's Sixth Cause of Action for PAGA penalties be dismissed with prejudice and that the Settlement Agreement be approved.

## CONCLUSION

For the reasons stated above, IT IS ORDERED THAT:

1. The parties' motion titled "Second Revised Joint Motion to Dismiss Claims Under the Private Attorneys General Act of 2004" (ECF No. 41) is GRANTED IN PART AND DENIED IN PART;

---

[8] The parties provide the following citations and parenthetical explanations: "*See e.g.*, *Franco v. Ruiz Food Prods., Inc.*, No. 1:10–cv–02354–SKO, 2012 WL 5941801, at *14 (E.D. Cal. Nov. 27, 2012) (approving PAGA penalties of $10,000 as part of $2.5 million common-fund settlement); *Garcia v. Gordon Trucking*, No. 1:10–CV–0324–AWI–SKO, 2012 WL 5364575, at *3 (E.D. Cal. Oct. 31, 2012) (approving PAGA settlement payment of $10,000 out of $3.7 million common-fund settlement); *Chu v. Wells Fargo Investments, LLC*, No. C 05–4526 MHP, C 06–7924 MHP, 2011 WL 672645, at *1 (N.D. Cal. Feb. 16, 2011) (approving PAGA settlement payment of $7,500 to the LWDA out of $6.9 million common-fund settlement)."

13

2. Plaintiff's individual claims for Causes of Action One through Five are DISMISSED WITH PREJUDICE;

4. The putative class allegations for Causes of Action One through Five are DISMISSED WITHOUT PREJUDICE;

5. Plaintiff's Sixth Cause of Action for PAGA penalties remains as the Court declines to approve the Settlement Agreement; and

6. Any renewed motion for approval of the Settlement Agreement must be filed no later than **October 26, 2017** and must be self-contained, setting forth all facts and arguments upon which the parties rely without reference to earlier filings.

Dated: September 25, 2017

*/s/ Jill Burkhardt*
Hon. Jill L. Burkhardt
United States Magistrate Judge