UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| David Vargas,<br><br>                                Plaintiff,<br><br>v.<br><br>Central Freight Lines, Inc.,<br><br>                              Defendant. | Case No.: 16-cv-00507-JLB<br><br>ORDER GRANTING THIRD REVISED JOINT MOTION TO DISMISS CLAIMS UNDER THE PRIVATE ATTORNEYS GENERAL ACT OF 2004 ("PAGA")<br><br>[ECF No. 50] |

The parties' Third Revised Joint Motion to Dismiss Claims Under the Private Attorneys General Act of 2004 ("PAGA") (ECF No. 50) and the Declaration of Todd Militzer Re: Third Revised Joint Motion to Dismiss Claims Under PAGA (ECF No. 52) are presently before the Court. Based on the record, the Court GRANTS the parties' Third Revised Joint Motion to Dismiss Claims Under PAGA (ECF No. 50) as the parties have made a sufficient showing that the proposed "PAGA settlement is fair and adequate in view of the purposes and policies of the statute." *O'Connor v. Uber Techs., Inc*., 201 F. Supp. 3d 1110, 1135 (N.D. Cal. 2016). Accordingly, **IT IS HEREBY ORDERED AS FOLLOWS:**

      1.      With the exception of the duration of the Court's retained jurisdiction, the Court approves and incorporates by reference the terms and conditions of the Settlement Agreement attached to the Third Revised Joint Motion (ECF No. 50-1, Ex. 1) and directs the implementation of all remaining terms, conditions, and provisions of the Settlement

1

Agreement.  The Settlement Agreement is attached hereto as Exhibit 1.  The Court's retained jurisdiction outlined in Section H of the Settlement Agreement shall expire on **July 20, 2018**.

2.      Plaintiff's Sixth Cause of Action for PAGA penalties is DISMISSED WITH PREJUDICE;

3.      The Clerk of Court shall enter judgment on the terms set forth above and close this case.

**IT IS SO ORDERED.**

Dated:  December 5, 2017

_____
Hon. Jill L. Burkhardt
United States Magistrate Judge

16-cv-00507-JLB

# Exhibit 1

Christopher A. Olsen CA Bar No. 236928
caolsen@caolsenlawoffices.com
OLSEN LAW OFFICES, APC
1010 Second Ave., Ste. 1835
San Diego, CA 92101
Telephone: 858.550.9352
Facsimile: 858.923.2747
caolsen@caolsenlawoffices.com

Attorneys for Plaintiff David Vargas

Spencer C. Skeen CA Bar No. 182216
spencer.skeen@ogletreedeakins.com
Tim L. Johnson CA Bar No. 265794
tim.johnson@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
4370 La Jolla Village Drive, Suite 990
San Diego, CA 92122
Telephone: 858.652.3100
Facsimile: 858.652.3101

Attorneys for Defendant Central Freight Lines, Inc.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID VARGAS, on behalf of himself and all others similarly situated,<br><br>      Plaintiff,<br><br>      v.<br><br>CENTRAL FREIGHT LINES, INC., and DOES 1 through 100, inclusive,<br><br>      Defendants. | Case No. 3:16-cv-00507-L-JLB<br><br>**SETTLEMENT AGREEMENT AND RELEASE OF PAGA CLAIMS** |

Plaintiff David Vargas, individually and in his capacity as a representative of the State of California on behalf of other aggrieved employees, and Defendant Central Freight Lines, Inc. hereby enter into this Settlement Agreement and Release of Private Attorneys General Act of 2004 Claims ("Settlement") as follows:

## I. DEFINITIONS

As used in this Settlement, the following terms shall have the following meanings:

A. "Action" means the civil action entitled "*David Vargas v. Central Freight Lines, Inc., et al.*, filed in the United States District Court, Southern District of California, Case No. 16-cv-00507-L-JLB.

B. "Defendant" means Central Freight Lines, Inc.

C. "Defense Counsel" means Spencer C. Skeen and Tim L. Johnson of Ogletree Deakins, Nash, Smoak, & Stewart P.C.

D. "Effective Date" of the Settlement means the date upon which both of the following have occurred: (i) approval of the Settlement is granted by the United States District Court, or other court assuming jurisdiction of this matter, and (ii) the Court's Judgment approving the Settlement becomes Final. Final shall mean the latest of: (i) if there is an appeal of the Court's Judgment, the date the Judgment is affirmed on appeal, the date of dismissal of such appeal, or the expiration of the time to file a petition for writ of certiorari to the Supreme Court; or (ii) if a petition for writ of certiorari is filed, the date of denial of the petition for writ of certiorari, or the date the Judgment is affirmed pursuant to such petition; or (iii) if no appeal is filed, the expiration date of the time for filing or noticing any appeal of the Judgment.

E. "LWDA" means the California Labor & Workforce Development Agency.

F. "PAGA" means the Labor Code Private Attorneys General Act of 2004, California Labor Code §§ 2698 *et seq.*

G. "PAGA Period" means February 26, 2015 through the date of entry of an order by the Court in this Action approving this Agreement.

SETTLEMENT AGREEMENT AND RELEASE OF PAGA CLAIMS

36459439v.2

H.     "PAGA Settlement Members" means all persons employed in California by Central Freight Lines, Inc. as Pick Up and Delivery Drivers during the PAGA Period.

I.     "Plaintiff" means David Vargas individually and in his capacity as a representative of the State of California on behalf of other aggrieved employees.

J.     "Plaintiff's Counsel" means Christopher A. Olsen of Olsen Law Offices, APC.

K.     "Parties" means Plaintiff and Defendant.

L.     "Released Claims" means any and all claims for the recovery for civil penalties under PAGA, whether known or unknown, to recover wages, damages, penalties, attorney fees, litigation costs, restitution, or equitable relief, which Plaintiff and/or the PAGA Settlement Members had, or may claim to have, against Released Parties, arising out of the violations alleged in Plaintiff's Sixth Cause of Action. "Released Claims" does not include the underlying substantive claims for failure to provide meal periods, failure to provide rest breaks, failure to pay wages of terminated or resigned employees, knowing and intentional failure to comply with itemized wage statement provisions, or violations of the unfair competition law.

M.     "Released Parties" means Defendant and all of its past and present owners, officers, directors, shareholders, employees, agents, assigns, attorneys, insurers, parent companies, subsidiaries, and affiliates, and their respective predecessors, successors, and assigns.

## II.     RECITALS

A.     On February 23, 2016, Plaintiff's Counsel sent a letter to the LWDA on behalf of Plaintiff under California Labor Code § 2699.3. Plaintiff sought to represent himself and all PAGA Settlement Members. More than 33 days passed after the letter was sent to the LWDA, and the LWDA did not indicate that it intended to investigate the alleged violations referenced in the letter.

B.      On February 26, 2015, Plaintiff filed a complaint in the United States District Court, Southern District of California. On April 5, 2016, Plaintiff filed a First Amended Complaint, which contained a cause of action under PAGA.

C.      The Parties agreed to engage in a mediation, which took place on January 12, 2017, before the Hon. Herbert Hoffman. The Parties engaged in formal and informal discovery prior to the mediation. The Parties also engaged in extensive settlement negotiations at the mediation, which involved substantive offers and counteroffers between the Parties. The Parties also participated in numerous telephonic conferences and exchanged information about the financial condition of Defendant. Ultimately, negotiations resulted in this Settlement.

D.      Counsel for all Parties have thoroughly investigated the facts relating to the claims alleged in the operative complaint and made a thorough study of the legal principles applicable to the claims asserted against Defendant. Plaintiff's Counsel has concluded that the Settlement is fair, reasonable, and adequate in light of all known facts and circumstances, including the defenses asserted by Defendant, potential adverse findings regarding liability, and numerous potential appellate issues. Plaintiff and Plaintiff's Counsel also acknowledge they may have difficulty recovering a large PAGA penalty from Defendant given its financial situation.

E.      Defendant denies, and continues to deny, each and every claim and contention alleged in the Action, and has always maintained that it never engaged in any unlawful acts regarding any of the matters alleged in the Action.

**NOW, THEREFORE,** in consideration of the mutual covenants, promises, and conditions set forth, the Parties agree as follows:

## III.    <u>NON-ADMISSION OF LIABILITY</u>

A.      Based on the factual and legal issues involved, the expense and time necessary to prosecute the Action through trial, the risks, uncertainty and costs of further prosecution, the financial status of Defendant, the financial status of Defendant, the

difficulty of proof necessary to establish a class for purposes of liability, and the relative benefits to the PAGA Settlement Members of an expeditious resolution to the Action, the Parties have concluded that the terms set forth in this Settlement are fair, reasonable, adequate and in the best interests of the PAGA Settlement Members.

B.    By entering into this Settlement, Defendant denies any liability for any of the claims in the Action, as well as any other potential or unknown claims based on wage and hour violations under California or federal law. Neither this Settlement, nor any document referred to or contemplated herein, nor any action taken to carry out this Settlement, may be construed as, or may be used as, an admission, concession, or indication by or against Defendant of any unlawful conduct, fault, wrongdoing or liability whatsoever. Defendant specifically denies that it has engaged in any unlawful or wrongful conduct against Plaintiff or the PAGA Settlement Members.

## IV.    TERMS OF THE PAGA SETTLEMENT

### A.    The Total Settlement Payment

Defendant shall pay a settlement payment in a total amount not to exceed $7,500 ("Total Settlement Payment"). The Total Settlement Payment is the maximum amount Defendant can be required to pay under this Settlement.

### B.    Settlement Administration Fees and Costs

Settlement administration shall be done by Defendant. Accordingly, the Parties did not allocate any funds for settlement administration.

### C.    PAGA Fund

The Total Settlement Payment shall be allocated toward payment to the LWDA and PAGA Settlement Members ("PAGA Fund"). 75% of the PAGA Fund will be sent to the LWDA and 25% of the PAGA Fund will be allocated among the PAGA Settlement Members based on his or her proportionate share of the weeks worked during the PAGA Period.

SETTLEMENT AGREEMENT AND RELEASE OF PAGA CLAIMS

## V. COMPUTATION/DISTRIBUTION OF TOTAL SETTLEMENT FUND

### A. Payment of Total Settlement Payment

Within 30 days after the Effective Date, Defendant shall distribute the Settlement Funds to the LWDA and the PAGA Settlement Members.

### B. Formula for Calculating Share of PAGA Fund

The portion of the PAGA Fund that is paid to each PAGA Settlement Member shall be determined based on the following formula:

1. The payment to PAGA Settlement Members will be based on the number of weeks worked by each PAGA Settlement Member during the PAGA Period. Partial weeks will be counted as full work weeks.

2. The amount to be paid per week worked by a PAGA Settlement Member will be calculated by dividing the value of the portion of the PAGA Fund that will be paid to PAGA Settlement Members by the total number of weeks worked by all PAGA Settlement Members during the PAGA Period.

3. Defendant's records shall be determinative for purposes of calculating the number of weeks worked and any payments to PAGA Settlement Members.

### C. Distribution of PAGA Fund

1. Defendant shall pay to the LWDA an amount equivalent to 75% of the PAGA Fund, or as otherwise directed by the Court.

2. Defendant shall distribute to PAGA Settlement Members their individual portion of the PAGA Fund ("Individual Payment"), or as otherwise directed by the Court.

3. Defendant will send the Individual Payment to the PAGA Settlement Members by postmarked First Class U.S. Mail.

4. Defendant shall maintain a list of the postmark date for the original mailing of the Individual Payment to the PAGA Settlement Members and a list of PAGA

Settlement Members who did not receive the Individual Payment due to the inability to locate a valid address.

5.    All settlement checks will remain valid and negotiable for 180 days from the date of their mailing by Defendant. After 180 days from the date of their mailing by Defendant, any uncashed checks will be void and escheat to the State of California Department of Industrial Relations, Unclaimed Wages Fund in the names of the PAGA Settlement Members.

6.    No later than January 31, 2018, Defendant will prepare and issue IRS Form 1099 to PAGA Settlement Members who received a payment.

## VI.    INJUNCTIVE RELIEF

Defendant disputes injunctive relief may be obtained under PAGA. Defendant further denies it has engaged in any unlawful conduct under California law. Nevertheless, in consideration for the releases and other consideration set forth herein, Defendant agrees to the following injunctive relief within 30 days of the Effective Date: (1) distribute written meal and rest break policies that inform employees of their ability to take off-duty meal and rest breaks in compliance with California law; (2) provide training to all California hourly employees regarding their ability to take off-duty meal and rest breaks in compliance with California law; (3) implement a reporting procedure through which employees report when they have not been provided a duty-free meal or rest break; and (4) implement a policy to pay meal and rest break premiums whenever the foregoing does not fully accomplish the objective of ensuring off-duty meal and rest breaks in compliance with California law.

## VII.    CLAIMS RELEASED BY PAGA SETTLEMENT MEMBERS

### A.    Claims Released By the LWDA and the PAGA Settlement Members

Upon the Effective Date, the LWDA and PAGA Settlement Members, including Plaintiff, fully release and forever discharge the Released Parties from any and all Released Claims during the PAGA Period. As a result of this release, the PAGA

Settlement Members will be unable to bring a claim under, or recover in any other claim brought under, the California Private Attorneys General Act, California Labor Code §§ 2698 *et seq.*, for any violations of the Released Claims that took place during the PAGA Period.

### B.  Tax Treatment and Tax Indemnification

PAGA Settlement Members will assume any tax obligations or consequences which may arise from this Settlement. PAGA Settlement Members release any and all claims that they have or may have against Defendant or Released Parties for any claims, demands, deficiencies, levies, assessments, executions, judgments, penalties, taxes, indemnification, and any other recoveries related to any payments made under this Settlement or any compensation provided at any time by Defendant or any of the Released Parties. The PAGA Settlement Members shall not contact Defendant, any of the Released Parties, or Defense Counsel.

## VIII.  MISCELLANEOUS PROVISIONS

### A.  Voiding the Settlement

A failure of the Court to approve any material condition of this Settlement shall render the entire Settlement voidable and unenforceable as to Plaintiff and Defendant, at the option of Plaintiff or Defendant.

### B.  Mutual Full Cooperation

Plaintiff, Defendant, Plaintiff's Counsel, and Defense Counsel agree to fully cooperate with each other to accomplish the terms of this Settlement, including, but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement the terms herein. Defendant will cooperate with Plaintiff to provide support to substantiate its financial condition. The Parties agree to use their best efforts and any other efforts that may become necessary by Order of the Court, or otherwise, to effectuate this Settlement.

SETTLEMENT AGREEMENT AND RELEASE OF PAGA CLAIMS

## C. Parties' Authority

The signatories hereto represent that they are fully authorized to enter into this Settlement.

## D. Binding Nature of the Settlement

1. This Settlement shall be binding upon, and inure to the benefit of, the successors or assigns of the Released Parties. Plaintiff represents, covenants, and warrants that he has not directly or indirectly, assigned, transferred, encumbered, any claim, demand, action, cause of action or rights released in the Released Claims in this Settlement. This Settlement shall be binding upon Plaintiff and the PAGA Settlement Members.

2. This Settlement may be amended or modified only by a written instrument signed by Plaintiff's Counsel and Plaintiff, as well as Defense Counsel and Defendant. No rights under this Settlement may be waived except in writing.

3. This Settlement and any attached exhibits constitute the entire agreement between Plaintiff and Defendant relating to the terms contained herein. All prior or contemporaneous agreements, understandings and statements, whether oral or written, whether express or implied, and whether by a party or its counsel, concerning this Settlement are merged herein. No oral or written representations, warranties or inducements have been made to any party concerning this Settlement or its exhibits other than the representations, warranties and covenants contained and memorialized in such documents.

4. Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement or any of its provisions. Each term of this Settlement is intended to be contractual and not merely a recital.

**E. Joint Drafting of Settlement Documents**

1. Plaintiff's Counsel and Defense Counsel have arrived at this Settlement as a result of a series of arm's-length negotiations, taking into account all relevant factors, present and potential.

2. This Settlement has been drafted jointly by Plaintiff's Counsel and Defense Counsel and, therefore, in any construction or interpretation of this Settlement, the same shall not be construed against any of the Parties.

3. Plaintiff and Plaintiff's Counsel agree that none of the documents provided to them by Defendant shall be used for any purpose other than the settlement of this Action. Specifically, none of the documents provided shall be used to pursue any subsequent claims or litigation against Defendant or the Released Parties.

**F. Execution of the Settlement**

This agreement may be executed in one or more counterparts and by facsimile. All executed copies of this Settlement and photocopies thereof shall have the same force and effect and shall be as legally binding and enforceable as the original.

**G. No Press Release or Publicity Regarding the Terms of Settlement**

Plaintiff and Plaintiff's Counsel, as well as Defendant and Defense Counsel agree that they will not issue any media or press release, initiate any contact with the media or the press, respond to any media or press inquiry or have any communications with the media or the press about the fact, amount or terms of this Settlement. Plaintiff and Plaintiff's Counsel shall not publicize or refer to the fact or amount of the Settlement, on their websites, social media, any other marketing materials, or legal publication. Plaintiff and Plaintiff's Counsel will not state on their websites, social media, any other marketing materials, or legal publications, that Defendant engaged in any act contrary to California law, or denied payment owed to individuals classified as independent contractors or employees, or otherwise disparage Defendant, or otherwise identify Defendant. Defendant shall be allowed to report the Settlement or results of this lawsuit

SETTLEMENT AGREEMENT AND RELEASE OF PAGA CLAIMS

if required to do so by public disclosure regulatory requirements or with respect to any financial or other disclosures which in their judgment are necessary.

## H.     Continuing Jurisdiction of the Court

The Parties agree that the Court shall retain jurisdiction over the Parties, and over this Settlement, in order to: (i) monitor and enforce compliance of Settlement, and/or (ii) resolve any disputes over this Settlement or the administration of the benefits of this Settlement.

[*Signatures on next page*]

**PLAINTIFF AND PLAINTIFF'S COUNSEL**

DATED: November 2, 2017     By: _____
                                David Vargas

DATED: November 2, 2017     OLSEN LAW OFFICES, APC


                            By: */s/ Christopher A. Olsen*
                                Christopher A. Olsen
                                Attorneys for Plaintiff

*[Signatures on next page]*

SETTLEMENT AGREEMENT AND RELEASE OF PAGA CLAIMS

## DEFENDANT AND DEFENDANT'S COUNSEL

DATED: November 2, 2017          By: _____
                                      Todd Militzer
                                      V.P. and Chief Financial Officer
                                      Authorized to sign on behalf of Defendant
                                      Central Freight Lines, Inc.

DATED: November 2, 2017          Ogletree, Deakins, Nash, Smoak & Stewart, P.C.


                                 By: */s/ Spencer C. Skeen*
                                      Spencer C. Skeen
                                      Tim L. Johnson
                                      Attorneys for Defendant
                                      Central Freight Lines, Inc.